NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALVARO GARCIA-JIMENEZ, | No. 11-73335 |
| Petitioner, | Agency No. A089-854-491 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 1, 2013**

Before: GRABER, WARDLAW, and PAEZ, Circuit Judges.

Alvaro Garcia-Jimenez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). Our

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's finding that Petitioner's asylum application was untimely filed, because he failed to exhaust his arguments regarding the exceptions to the time bar. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Substantial evidence supports the BIA's denial of withholding of removal, because any harm that occurred had no nexus to a protected ground. *See Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009); *Ramos-Lopez v. Holder*, 563 F.3d 855, 858-62 (9th Cir. 2009). We lack jurisdiction to consider Petitioner's argument regarding successful families as a social group because he failed to exhaust that argument. *See Barron*, 358 F.3d at 677-78.

Substantial evidence supports the denial of CAT relief, because Petitioner failed to establish that it is more likely than not that he would be tortured if he returns to Mexico. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part**.